IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| CHARLES EDWARD GAGE, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 3:25-cv-55-CDL-AGH |
| | : | |
| FRANKLIN COUNTY, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## ORDER & RECOMMENDATION OF DISMISSAL

Plaintiff Charles Edward Gage, a prisoner at Georgia Diagnostic and Classification Prison in Jackson, Georgia, filed a 42 U.S.C. § 1983 complaint (ECF No. 1) and a motion to proceed *in forma pauperis* ("IFP") (ECF No. 2). As discussed below, Plaintiff's motion to proceed IFP is **GRANTED**. Additionally, it is **RECOMMENDED** that Plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim.

## MOTION FOR LEAVE TO PROCEED IFP

Plaintiff seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a) (ECF No. 2). As it appears Plaintiff is unable to pay the cost of commencing this action, his application to proceed IFP is **GRANTED**. However, a prisoner allowed to proceed IFP must still pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If the prisoner has sufficient assets in his trust account, he must pay the filing fee in a lump sum. If sufficient assets are not in the account, the court must assess an initial partial filing

fee based on the assets available.    Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee.    28 U.S.C. § 1915(b)(4).    In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived.

Plaintiff's submissions indicate that he is unable to pay the initial partial filing fee.    Accordingly, it is **ORDERED** that his complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

I.    Directions to Plaintiff's Custodian

Plaintiff is required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee.    The clerk of court is **DIRECTED** to send a copy of this Order to the business manager of the facility in which Plaintiff is incarcerated.    It is **ORDERED** that the warden of the institution in which Plaintiff is incarcerated, or the sheriff of any county in which he is held in custody, and any successor custodians, shall each month cause to be remitted to the clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full.    28 U.S.C. § 1915(b)(2).    In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's custodian is authorized to forward payments from the prisoner's account to the clerk of court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.    It is **ORDERED** that collection of monthly payments from Plaintiff's trust fund account continue until the entire $350.00 has been collected, notwithstanding the dismissal

of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

II.    Plaintiff's Obligations Upon Release

Plaintiff should keep in mind that his release from incarceration/detention does not release him from his obligation to pay the installments incurred while he was in custody.   Plaintiff remains obligated to pay those installments justified by the income in his prisoner trust account while he was detained.   If Plaintiff fails to remit such payments, the Court authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law.   Plaintiff's complaint may be dismissed if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

**PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT**

I.    Standard of Review

The PLRA directs courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. 28 U.S.C. § 1915A(a).   Courts must also screen complaints filed by a plaintiff proceeding IFP.   28 U.S.C. § 1915(e).   Both statutes apply in this case, and the standard of review is the same.   "*Pro se* filings are generally held to a less stringent standard than those drafted by attorneys and are liberally construed."   *Carmichael v. United States*, 966 F.3d 1250, 1258 (11th Cir. 2020) (citation omitted).   Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a

defendant who is immune from such relief."   28 U.S.C. § 1915A(b); see also 28 U.S.C. § 1915(e).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citations omitted).   On preliminary review, the Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id*. (citations omitted).   A claim can be dismissed as malicious if it is knowingly duplicative or otherwise amounts to an abuse of the judicial process.   *Daker v. Ward*, 999 F.3d 1300, 1308, 1310 (11th Cir. 2021) (affirming dismissal of duplicative complaint "in light of [prisoner's] history as a prolific serial filer").

A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).   "Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level[.]"   *Twombly*, 550 U.S. at 555 (citations omitted).   In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim.   *Id*. at 556.   "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."   *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the

Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law.   *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995).   If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal.   *See, e.g.*, *Bingham v. Thomas*, 654 F.3d 1171, 1176-77 (11th Cir. 2011) (affirming dismissal of certain claims at preliminary screening because prisoner failed to allege sufficient facts to show a violation of his rights), *abrogated on other grounds by Wade v. McDade*, 106 F.4th 1251, 1255 (11th Cir. 2024) (en banc).

II.   Factual Allegations

Plaintiff claims that on August 26, 2021, he was working an outside detail when he was directed to clean inside an abandoned building.   Compl. 7, ECF No. 1. While in the building, Plaintiff scratched himself on a tile.   *Id.*   After two days, the scratch became infected, and Plaintiff's arm began to swell.   *Id.*   The jail doctor gave Plaintiff Bacstrum and Keflex to treat the infection, but they did not help.   *Id.*

Plaintiff's arm continued to get red and swell up rapidly.   *Id.*   After two weeks, Plaintiff was not getting better and was sent to Phillips State Prison for two days.   *Id.*   After that, Plaintiff was moved to Georgia Diagnostic and Classification Prison, where he was put into segregation on Friday, September 12, 2021.   *Id.* at 5.

While he was in segregation, Plaintiff was going in and out of consciousness due to the intensity of the pain in his infected arm.   Compl. 5.   Plaintiff asked the duty officer for help, but the officer told Plaintiff he had to wait until the doctor came in on Monday.   *Id.*   On Monday morning, Plaintiff was taken to see Dr. Eugene, who

immediately called 911 to have Plaintiff taken to the hospital.   *Id.*

In the hospital, Plaintiff had surgery for his infection during which the doctors cut out and drained the infected area.   *Id.*   When Plaintiff woke from the surgery, he had a large hole in his arm.   *Id.* at 4.   The nurse explained to him that the doctors had to leave the wound open so that it could heal from the inside out.   Compl. 4.   Plaintiff was then taken to the Atlanta Medical Center for three weeks.   *Id.*   While there, he developed clots in his lungs and caught a case of asymptomatic Covid-19.   *Id.*   Plaintiff asserts that the feeling never returned to his arm, and he still has scars and sharp pains.   *Id.*   Plaintiff filed this suit naming Franklin County, the State of Georgia, Franklin County Sheriff Stevie Thomas, and the Franklin County Sheriff's Office as defendants.

III.   Plaintiff's Claims

   A.   **Statute of Limitations**

As an initial matter, Plaintiff's claims appear to be barred by the statute of limitations.   Section 1983 has no statute of limitations of its own and instead is governed in each case by the forum state's general personal injury statute of limitations.   *Owens v. Okure*, 488 U.S. 235, 236 (1989) (citing *Wilson v. Garcia*, 471 U.S. 261 (1985)).   Thus, Georgia's two-year personal injury statute of limitations governs 42 U.S.C. § 1983 civil rights claims.   *Reynolds v. Murray*, 170 F. App'x 49, 50-51 (11th Cir. 2006) (citing O.C.G.A. § 9-3-33 (1982)).

Here, the factual allegations underlying Plaintiff's complaint took place in 2021, nearly four years before Plaintiff filed his complaint on April 14, 2025.

6

Moreover, Plaintiff does not allege any facts to suggest that the statute of limitations was tolled at any point between when the events occurred and when he filed this case. Thus, it is **RECOMMENDED** that Plaintiff's claims be **DISMISSED WITHOUT PREJUDICE** because they are time-barred.

### B.    Plaintiff's Complaint is Otherwise Subject to Dismissal

Alternatively, Plaintiff's complaint should be dismissed because he fails to allege a proper defendant and fails to state a claim for relief.   Plaintiff names the following three defendants that are not capable of being sued in this action: Franklin County Sheriff's Office, Franklin County, and the State of Georgia.   As explained below, each of these defendants must be dismissed.   Additionally, Plaintiff fails to state a claim against Sheriff Stevie Thomas.   Plaintiff's claims must consequently be dismissed.

#### 1.    Franklin County Sheriff's Office

The Franklin County Sheriff's Office is not a proper defendant in this action. The law of the state where a district court sits controls whether a defendant is a legal entity capable of being sued in a § 1983 action.   *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) (citing Fed. R. Civ. P. 17(b)).   And under Georgia law, there are only three classes of legal entities capable of being sued: "'(1) natural persons; (2) an artificial person (a corporation); and (3) such quasi-artificial persons as the law recognizes as being capable to sue.'"   *Ga. Insurers Insolvency Pool v. Elbert Cnty.*, 258 Ga. 317, 318 (Ga. 1988) (quoting *Cravey v. Se. Underwriters Ass'n*, 214 Ga. 450, 453 (Ga. 1958)).   The Franklin County Sheriff's Office is not a legal entity capable of

being sued under Georgia law.   *See id.*; *see also Brannon v. Thomas Cnty. Jail*, 280 F. App'x 930, 934 n.1 (11th Cir. 2008); *Lovelace v. Dekalb Cent. Probation*, 144 F. App'x 793, 795 (11th Cir. 2005).   Thus, it is **RECOMMENDED** that Plaintiff's claims against Franklin County Sheriff's Office be **DISMISSED WITHOUT PREJUDICE** because Franklin County Sheriff's Office is not a proper defendant.

### 2.   *Franklin County*

Plaintiff also names Franklin County as a defendant.   A local government may only be sued for constitutional violations caused by "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers."   *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978).   Plaintiff's complaint does not include any allegations that a constitutional violation resulted from a policy, regulation, or decision officially adopted and promulgated by Franklin County or its sheriff's department or jail.   Therefore, it is **RECOMMENDED** that Plaintiff's claims against Franklin County be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim on which relief may be granted.

### 3.   *The State of Georgia*

Plaintiff also includes the State of Georgia as a defendant.   The Eleventh Amendment bars lawsuits directly against a state or its agencies.   *Stevens v. Gay*, 864 F.2d 113, 115 (11th Cir. 1989) (citing *Alabama v. Pugh*, 438 U.S. 781, 782 (1978)).   This bar applies "regardless of whether the plaintiff seeks money damages or prospective injunctive relief."   *Id.* (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984)).   The State of Georgia is thus protected by

sovereign immunity. *Id.*; *see also Will v. Mich. Dep't of State Police*, 491 U.S. 98, 71 (1989) (explaining that the state and its agencies are not "persons" for the purposes of § 1983 liability). Accordingly, the State of Georgia is not a proper defendant to this suit, and it is **RECOMMENDED** that Plaintiff's claims against the State of Georgia be **DISMISSED WITHOUT PREJUDICE**.

### 4. *Sheriff Stevie Thomas*

Finally, Plaintiff names Franklin County Sheriff Stevie Thomas as a defendant. Under § 1983, a plaintiff attempting to state a claim must identify "an affirmative causal connection between the actions taken by a particular person under color of state law and [a] constitutional deprivation." *LaMarca v. Turner*, 995 F.2d 1526, 1538 (11th Cir. 1993) (internal quotation marks and citations omitted). Here, Plaintiff has not alleged any facts relating to Sheriff Thomas. Presumably, Plaintiff is attempting to assert that Sheriff Thomas was deliberately indifferent to Plaintiff's serious medical needs.

To state a claim for deliberate indifference to serious medical needs, a plaintiff must allege "(1) a serious medical need; (2) the defendants' deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1306-07 (11th Cir. 2009) (citation omitted). Here, Plaintiff alleges facts suggesting that he had a serious medical need insofar as he had a scratch that became seriously infected and required treatment including surgery. Plaintiff fails to allege, however, that Sheriff Thomas was aware of Plaintiff's medical needs. Even assuming that Sheriff Thomas was aware of Plaintiff

having an infection, Plaintiff alleges that he received treatment from the jail doctor in Franklin County. Although that treatment ultimately was not effective, nothing in Plaintiff's complaint suggests that Plaintiff's medical needs were disregarded, either by the jail doctor or by Sheriff Thomas. As Plaintiff has not alleged facts showing that Sheriff Thomas deliberately disregarded any risk of harm to Plaintiff, he also has not stated a claim for relief against Sheriff Thomas. It is therefore **RECOMMENDED** that the complaint be **DISMISSED WITHOUT PREJUDICE** as to Sheriff Thomas.

IV.    Conclusion

For the multiple reasons discussed above, Plaintiff's complaint is subject to dismissal. It is therefore **RECOMMENDED** that this complaint be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the Honorable Clay D. Land, United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Order and Recommendation. Any objection is limited in length to **TWENTY (20) PAGES**. *See* M.D. Ga. L.R. 7.4. The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made.

*See* 11th Cir. R. 3-1.

**SO RECOMMENDED**, this 9th day of June, 2025.

_s/ Amelia G. Helmick_
UNITED STATES MAGISTRATE JUDGE